E-FILED
Monday, 20 November, 2006  11:31:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CV 06-2045 |
| ) | |
| BARBARA FUQUA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO CONTINUE HEARING ON
JUDGMENT FOR FORECLOSURE FOR 45 DAYS TO ALLOW
DEFENDANT TO REINSTATE MORTGAGE**

The United States of America based upon a telephone inquiry today from the defendant's adult daughter requests that this Court continue today's hearing on the mortgage for foreclosure to a date certain approximately 45 days from now so that the defendant can reinstate her mortgage by paying current all costs and expenses of foreclosure, all escrow advances, all escrow accounts and all other sums now due and owing on her mortgage indebtedness in compliance with the provisions of 735 ILCS 5/15-1602 by not later than December 26, 2006.

As provided for in said statute, the debtor by not later than December 26, 2006, must cure all defaults then existing, other than payment of such portion of the principal and subsidy which would not have been due had no acceleration occurred, and by paying all costs and expenses required by the mortgage to be paid in the event of such defaults. Upon such reinstatement, this case will be dismissed and the mortgage documents shall remain in full force and effect as if no acceleration or default had

occurred.

However, this motion is conditioned upon this Court's express written finding that the mortgagor, Barbara Fuqua, has been allowed by the United States to reinstate her mortgage pursuant to this Section, and that the United States will not afford such relief to the mortgagor under the same mortgage for a period of five years.

The United States of America, by making this motion as an accommodation to the defendant does not agree that the United States is otherwise legally bound to adhere to the provisions of either 735 ILCS 5/15-1602 (reinstatement) or 735 ILCS 5/15-1603 (redemption). As stated in United States v. Einum, 992 F.2d 761-763 (7th Cir. 1993), the state law right of redemption does not apply to the foreclosure of FmHA farm real estate mortgages  In that case, the United States brought an action to foreclose a farm real estate mortgage securing a loan made through the Farmers Home Administration.

The Court of Appeals affirmed the district court's decision that state law redemption rights do not apply in FmHA foreclosure cases. As explained at 992 F.2d 761:

> Relying on United States v. Victory Highway Village, Inc., 662 F.2d 488, 497-98 (8th Cir.1981), which holds that the Department of Housing and Urban Development may foreclose without regard to state redemption periods, the district court ordered Einums' farm sold if they did not pay during the next 60 days. This 60-day grace period has no source in either state or federal law; it was the court's own invention, from which the United States has not appealed. The Einums, who have appealed ask for the application of the state law.

At 992 F.2d 762, the Court reviewed the numerous rights afforded FmHA borrowers. The Court also explained how the Agricultural Credit Act of 1987, Pub.L.100-233,101 Stat 1568, substantially amended 7 U.S.C. Section 1985, which governs the procedures that FmHA uses to dispose of property securing defaulted loans, and how the Secretary of Agriculture made extensive revisions to the corresponding regulations that are equally applicable to the present farm foreclosure. The Court at 992 F.2d 762-63 concluded that:

> Only a borrower whose loan has remained in default through all of these periods and has neither persuaded the Secretary to forego foreclosure, see 7 U.S.C. Section 1981a, nor exercised any of the options provided, stands to lose his farm. As this capsule description reveals, the FmHA does not even *begin* a foreclosure action until long after the time the states customarily provide for cure and redemption. Judicial delay (six months between the complaint and the judgment in this case) adds to the borrower's possession. And if, as frequently occurs, the FmHA itself acquires the property at the foreclosure sale, then Section 1985(e)(1) provides the borrower with yet another opportunity to redeem. See also 7 U.S.C. Section 1985(e)(1)(C)(I), requiring the FmHA, when trying to sell the acquired farm, to give a preference to the 'immediate previous borrower-owner.' . . . .
>
> What the Einums want is not the application of state rather than federal law but the tacking of state and federal periods. After receiving the benefit of the extended periods under federal law, they want the insertion of a further one-year delay under state law, to be followed by the additional 180 days that Section 1985(e)(1) affords if the FmHA should acquire the property at auction. <u>Kimbell Foods</u> does not call for this mixture of state and federal rules . . . . Equal treatment is the farthest thing from the Einums' minds; they want to make out better than they would if either state or federal law applied exclusively.

The United States, subject to approval by this Court, and as an accommodation to the defendant in this case, is allowing the defendant to bring her loan current this one

3

time in the manner set forth above herein.

    Respectfully submitted,

    RODGER A. HEATON
    United States Attorney

    s/ David H. Hoff
    DAVID H. HOFF, 1234072
    Assistant United States Attorney
    United States Attorney
    201 S. Vine, Suite 226, Urbana, Illinois 61802
    217/373-5875; FAX: 217/373-5891
    david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system  and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

      Barbara A. Fuqua
      281 E.  Freemont
      Bement Illinois 61813

      Respectfully submitted,

      RODGER A. HEATON
      United States Attorney


      s/ David H. Hoff
      DAVID H. HOFF, 1234072
      Assistant United States Attorney
      United States Attorney
      201 S. Vine, Suite 226
      Urbana, Illinois 61802
      217/373-5875
      FAX: 217/373-5891
      david.hoff@usdoj.gov